IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MANLEY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-5493 |
| | : | |
| NAVMAR APPLIED SCIENCES CORP., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                            **November 14, 2012**

      Pro se Plaintiffs Eric Manley, Skylier Smith, and George Cook bring this unlawful termination action against Defendant Navmar Applied Sciences Corp. (Navmar) and nine individual defendants. Navmar and individual Defendant Thomas Fenerty[1] ask this Court to transfer this action to the United States District Court for the District of Arizona because, although Navmar has its principal place of business in Pennsylvania, all of the underlying events giving rise to this action occurred at its operations in Arizona, and only two of the individual defendants reside in Pennsylvania. Plaintiffs concede all of the events at issue occurred in Arizona, but argue their choice of forum should not be disturbed because Navmar is based in Pennsylvania and it would be too costly for them to litigate this case in Arizona, as they reside in Georgia and Texas.

      In addition, Navmar and Fenerty[2] also ask this Court to dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to sufficiently allege the elements of any of the claims brought. Alternatively, Navmar and Fenerty argue Plaintiffs should be required to provide a more definite statement of the claims alleged as against each Defendant pursuant to Rule

---

[1] Individual Defendant Thomas Fenerty joined in Navmar's motion to transfer.

[2] Fenerty also joined in Navmar's motion to dismiss.

12(e).

For the following reasons, Navmar's motion to transfer will be denied, and Navmar's motion to dismiss will be granted.

**FACTS**

This lawsuit centers around a six-week training program instituted by Navmar in 2011 at its Yuma, Arizona operations. Plaintiffs were hired by Navmar to attend the Yuma program, but were discharged prior to graduating from the program. Plaintiffs assert a myriad of claims against Navmar and nine individual Defendants, only one of whom has been served to date. This Defendant, Fenerty, resides in Pennsylvania. Seven of the remaining eight individual Defendants are either current or former employees of Navmar. According to Navmar's employment records containing the last-known addresses of its current and former employees, one of these Defendants resides in Pennsylvania, three reside in Arizona, one resides in Maryland, one resides in Virginia, and one resides in Texas. The final individual Defendant is a government employee who worked together with Navmar at its Yuma operations. Navmar is uncertain of this Defendant's current residence, though suspects he still resides in Arizona. It does not appear that any of these eight Defendants has been served to date. Moreover, although the pleadings are unclear, from what this Court can discern after hearing oral argument on Navmar's pending motions, Plaintiffs allege they were treated unfairly during the training program, and ultimately wrongfully terminated because of their race. In their Complaint, Plaintiffs allege an array of federal claims, including claims pursuant to, *inter alia*, 42 U.S.C. § 1981, 42 U.S.C. § 2000e, and 29 U.S.C. § 621, as well as a host of state law claims, including, *inter alia*, breach of contract, negligent hiring, negligent supervision, negligent training, and tortious interference with contractual relations.

**DISCUSSION**

In support of their argument to transfer this case to Arizona, Defendants rely on the general venue statute, 28 U.S.C. § 1391(b). Generally, venue of a civil action is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

In federal court, questions concerning proper venue are governed by 28 U.S.C. §§ 1404(a) or 1406. Section 1404(a) governs disputes where both the original and requested venue are proper, while § 1406 applies where the original venue is improper, and provides for either transfer or dismissal of the case. In their motion, Navmar and Fenerty seek transfer for improper venue under § 1406(a) and, in the alternative, for the convenience of the parties and in the interest of justice under § 1404(a). Under § 1391, venue is not proper in this district because all Defendants do not reside in Pennsylvania, the events giving rise to Plaintiffs' claims did not occur in this district, and there is another district in which this action may be brought. Thus, if § 1391 were applicable to this case as Defendants argue, § 1406(a) would require either transfer to the proper venue (Arizona) or dismissal of the case. 28 U.S.C. § 1406(a). However, § 1391 does not apply here because Navmar removed this case from state court. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Bank Express Internat'l v. Kang*, 265 F. Supp. 2d 497, 507 (E.D. Pa. 2003); 14D Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. § 3804 (3d ed. 1998). Thus, the removal statute governs the question of venue and provides for removal "to the district court of the United States for the district and division embracing the place where [the state action] is pending." 28 U.S.C. § 1441(a). This

action was originally filed in the Court of Common Pleas in Bucks County and could only have been removed to this federal district. *See* 28 U.S.C. § 118(a) (providing that Eastern District includes Bucks County). By removing the case, Navmar effectively waived its objection to venue. Because venue in this district is proper, transfer pursuant to § 1406(a) is inapplicable.

Even though venue is proper in this district, the case may still be transferred to Arizona pursuant to § 1404(a). *Lamusta v. Lawson Mardon Wheaton, Inc.*, No. 99-3931, 2000 WL 274013, at *2 (E.D. Pa. Mar.13, 2000) ("[A] party in a properly removed action may and must proceed under § 1404(a) to seek any change of venue."). It is well settled that a court may transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a); *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960). The purpose of the transfer provision "is to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Measurement Specialties, Inc. v. Stayhealthy.com*, 275 F. Supp. 2d 638, 640 (E.D. Pa. 2003) (internal citations and quotations omitted). Although a court has broad discretion to decide whether to order a transfer, *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981), "a motion to transfer is not to be liberally granted," *Measurement Specialties, Inc.*, 275 F. Supp. 2d at 640 (internal citations omitted). Indeed, a "plaintiff's choice of venue should not be lightly disturbed." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 2005). The burden of establishing the need for transfer rests with the moving party. *Id*. The movant must prove with particularity the reasons why it is inconvenienced by the plaintiff's choice of forum. *Austin v. Johns-Manville Corp.*, 524 F. Supp. 1166, 1169 (E.D. Pa. 1981) (noting the movant must "clearly specify the key witnesses to be called" and identify "what their testimony will cover," and explaining if a party has "merely made a general allegation that

witnesses will be necessary, without identifying them and indicating what their testimony will be, the application for transfer [should] be denied") (citation omitted)).

In deciding whether to transfer a case to another district, a court should consider the following private and public interests: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent the witnesses may actually be unavailable for trial in one of the fora; (6) the location of books and records, similarly limited to the extent the files could not be produced in the alternative forum; (7) the enforceability of the judgment; (8) practical considerations that could make the trial easy, expeditious, or inexpensive; (9) relative court congestion in the competing courts; (10) the local interest in deciding local controversies at home; (11) public policies of the fora; and (12) the familiarity of the trial judge with the applicable state law. *Jumara*, 55 F.3d at 879-80.

"A plaintiff's choice of forum typically receives 'paramount consideration.'" *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 25 (3d Cir. 1970). Nevertheless, a court's analysis should focus on whether the requested forum is more convenient than the plaintiff's chosen forum and promotes considerations of justice. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Where the plaintiff chooses a forum other than his state of residence, his choice is given considerably less weight. *Weber v. Basic Comfort, Inc.*, 155 F. Supp. 2d 283, 285 (E.D. Pa. 2001). The plaintiff's choice is also given less deference when none of the operative facts underlying the claim occurred there. *See TaiDoc Tech. Corp. v. Diagnostics Devices, Inc.*, No. 12-2457, 2012 WL 3627423, at *2 (E.D. Pa. Aug. 23, 2012). However, "unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Al's Family Auto. v. Bennett*, No. 11-6237, 2012 WL 246226, at *1 (E.D. Pa. Jan. 25, 2012) (quoting *Shutte,* 431 F.2d at 25).

5

Here, the only connection Pennsylvania has to this case is that two of the individual defendants reside in this Commonwealth, and Navmar has its principal place of business here. Consequently, Defendants argue Pennsylvania has no interest in adjudicating this dispute and this case should be transferred.

Indeed, several factors favor transfer: all of the operative facts giving rise to Plaintiffs' claims arose in Yuma, Arizona; Navmar's operations relevant to these claims are located in Yuma, Arizona; employment records relevant to the claims are presumably located in Yuma, given the nature of the allegations; Arizona's local interest in resolving its local controversies at home; Arizona's interest in resolving disputes involving its own law (to the extent Arizona law will apply to Plaintiffs' claims); the fact that a trial judge in the Eastern District of Pennsylvania has less familiarity with Arizona law than does a trial judge in the District of Arizona; Arizona is a more convenient forum for the three or four of the nine individual Defendants who reside there and for Navmar, which has its relevant operations there; and Arizona is a more convenient forum for any non-party witnesses, particularly if those witnesses still work for Navmar's Yuma operations and thus, presumably reside in Arizona. While these last factors concerning convenience of parties and witnesses normally weigh heavily in favor of transfer, the current posture of this case indicates these factors should be given less deference: none of the individual Defendants living in Arizona have been served to date, and the Court is unaware of any non-party witnesses. Courts consider the convenience of witnesses, "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." *Jumara*, 55 F.3d at 879. Thus, at this time, trying this case in this district is more convenient for Fenerty, the one individual Defendant who has been served and who resides here.

By contrast, only a select number of factors weigh against transfer: the Plaintiffs' choice of forum; the convenience to Plaintiffs of trying this case here rather than in Arizona; the practical concerns of ease and expense of trial; and the proximity of the two fora, which is a greater issue when the two fora are not geographically close, as here. Though fewer in number, these factors carry significant weight given that Plaintiffs, pro se litigants, filed suit here on the basis of cost. Plaintiffs argue if this case were transferred to Arizona, they would face a much greater financial burden. *Gonzalez v. Elec. Control Sys., Inc.*, No. 93-3107, 1993 WL 372217, *4 (E.D. Pa. Sept. 17, 1993) ("Important to the interest of justice analysis is the relative ability of the parties to bear the expenses of litigation in the distant forum."); *see also Jumara*, 55 F.3d at 879 (noting the court may consider the parties' relative financial conditions). For its part, Navmar does not argue that Pennsylvania is inconvenient to any current employee, named or not named in this lawsuit. In fact, Navmar has not identified any witnesses who will be inconvenienced by a denial of its motion, other than the individual Defendants who reside in Arizona. However, as set forth above, those Defendants have not yet been served in this action. Similarly, Navmar has not indicated whether transfer of this action would facilitate ease of access to sources of proof. While the nature of the allegations suggests that all relevant books and records would likely be maintained in Arizona, Navmar fails to demonstrate the extent or nature of such materials or whether there is any hardship in producing them here. Thus, although Navmar may incur costs in transporting materials or witnesses relevant to trial to this district, as a corporation, it is more capable of shouldering the financial burden of trial than the individual Plaintiffs. Accordingly, ordering transfer at this stage in the litigation would simply shift the expense to the parties less able to bear it. This weighs against transferring the case. *Labrot v. John Elway Chrysler Jeep on Broadway*, 436 F. Supp. 2d 729, 732 (E.D. Pa. 2006); *Gonzalez*, 1993

WL 372217, at *4 (explaining it is easier for the defendant corporation to bear the costs of travel rather than the plaintiff because he lost his job and went through a substantial period of unemployment). Navmar argues only that the facts of this case bear no relation to the Eastern District of Pennsylvania and the case should therefore be transferred. While this may be true, Plaintiffs have chosen to litigate their claims in this forum, to which Navmar, by removing this case, waived any objection. Accordingly, to protect Plaintiffs' rights as pro se litigants—even if Plaintiffs' plea to keep this case in this district is fatal to some of their claims (based on jurisdictional issues that may arise)—this Court denies Navmar's motion to transfer without prejudice.

Navmar and Fenerty also seek dismissal of Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to sufficiently allege the elements of any of the claims brought. Alternatively, Navmar and Fenerty argue Plaintiffs should be required to provide a more definite statement of the claims alleged as against each Defendant pursuant to Rule 12(e).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, the plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In deciding a Rule 12(b)(6) motion, a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted).

Moreover, Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a

8

short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and directs that "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1); *see also Scibelli v. Lebanon Cnty.*, 219 F. App'x 221, 222 (3d Cir. 2007). "Taken together, Rules 8(a) and 8([d])(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules." *In re: Westinghouse Sec. Litig.*, 90 F.3d 696, 702 (3d Cir. 1996) (quoting 5 Wright & Miller, supra, § 1217). A court may dismiss a complaint pursuant to Rule 8 when it is "illegible or incomprehensible," *Scibelli*, 219 F. App'x at 222, or when it is "largely unintelligible," *Stephanatos v. Cohen*, 236 F. App'x 785, 787 (3d Cir. 2007). *See, e.g.*, *id.; see also Rhett v. N.J. State Super. Ct.*, 260 F. App'x 513 (3d Cir. 2008). Dismissal under Rule 8 is also proper when a complaint leaves "the defendants having to guess what of the many things discussed constitute[s] [a cause of action] on their part," *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011), when the complaint is so "rambling and unclear" as to defy response, *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011), or when "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Tillio v. Northland Grp. Inc.*, 456 F. App'x 78, 79 (3d Cir. 2012) (quotations omitted).

As set forth above, Plaintiffs bring this action against their former employer, Navmar, and nine other individual Defendants. Broadly construed, the Complaint alleges Plaintiffs were treated unfairly while they were employed by Navmar, and were ultimately discharged from their employment because of their race. Plaintiffs assert upwards of ten possible federal claims against all Defendants pursuant to 42 U.S.C. § 1981, 42 U.S.C. § 2000e, 29 U.S.C. § 621, and other provisions of federal law. Plaintiffs also allege a legion of possible state law claims, including, *inter alia*, breach of contract, negligent hiring, negligent supervision, negligent training, negligent

9

entrustment, negligent retention, nuisance, and wrongful termination. Plaintiffs seek $100 million in damages.

In their motion, Defendants argue Plaintiffs' Complaint does not clearly identify the causes of action as required under Rule 8(a) such that they are able to determine what actual claims are being asserted. In addition, Plaintiffs fail to describe the conduct of each of the ten Defendants that gives rise to any particular cause of action. As a result, the Complaint fails to afford fair notice to Defendants as to the claims against which they have to defend.

As presently drafted, Plaintiffs' Complaint wholly fails to comport with these fundamental rules of pleading. The Complaint comprises 23 pages of single-spaced type consisting of rambling and unclear language, throughout which references to federal and state statutes and causes of actions are interspersed. "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citation omitted). Indeed, to abide by the federal pleading rules, a complaint must recite facts, in a short and plain statement, which if proven, would establish liability. A plaintiff cannot avoid this responsibility. Nor can a plaintiff expect the opposing party to try to discern the facts or the claims the plaintiff is alleging against him, as Plaintiffs appear to expect here. Consequently, Plaintiffs' Complaint, in its current form, is subject to dismissal.

In the first instance, Rule 8 dismissals should provide a plaintiff an opportunity to amend and cure any defects. *See, e.g.*, *Rhett*, 260 F. App'x at 516. In addition, the Court is mindful of the fact that in civil rights cases, as this case appears to be, at least in part, a plaintiff should be afforded an opportunity to amend a defective complaint—irrespective of whether leave is requested—before the complaint is dismissed in its entirety. *See Fletcher–Hardee Corp. v. Pote Concrete Contractors*, 482

F.3d 247, 253 (3d Cir. 2007). Thus, while dismissal is appropriate here, this Court will permit Plaintiffs to file an amended complaint by December 5, 2012, to correct the deficiencies identified above.

An appropriate order follows.

BY THE COURT:


 /s/ Juan R. Sánchez
Juan R. Sánchez, J.