IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MANLEY, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-5493 |
| | : | |
| NAVMAR APPLIED SCIENCES CORP., et al.: | | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                           **January 24, 2013**

Pro se Plaintiffs Eric Manley, Skylier Smith, and George Cook (Plaintiffs) filed suit against their former employer, Defendant Navmar Applied Sciences Corporation (Navmar), and nine other individual Defendants. On November 14, 2012, this Court granted Navmar's motion to dismiss Plaintiffs' initial Complaint for failure to state a claim and allowed Plaintiffs to file an Amended Complaint.[1] Plaintiffs filed three Amended Complaints, only one of which is signed by all Plaintiffs.[2] Defendants filed motions to dismiss the Amended Complaints. For the following reasons, the motions will be granted.

**FACTS**

In 2011, Navmar hired Plaintiffs to attend a six-week intensive training program in Yuma, Arizona. Upon successful completion of the program, Plaintiffs would be eligible for a 12-month minimum deployment to Afghanistan with premium monetary compensation and full benefits. Plaintiffs were discharged from the program prior to completing training. In their

---

[1] Manley's Motion to Amend/Correct (ECF No. 17) will be denied as moot because the Court allowed Plaintiffs to file an Amended Complaint.

[2] On November 19, 2012, Plaintiffs filed their Amended Complaint; however, it was not signed by all Plaintiffs as required in the Federal Rule of Civil Procedure (11)(a). Therefore, the Court ordered Plaintiffs to resubmit the pleading, with additional signatures, by December 28, 2012. Plaintiffs proceeded to file three Amended Complaints (ECF Nos. 16, 17, and 18), one on behalf of each Plaintiff, only one of which was signed by all of them. ECF No. 17.

Amended Complaints, Plaintiffs assert claims against Navmar and multiple individual Defendants, including current and former Navmar employees Thomas Fenerty, Mike Kelley, Andrew McWatt, Butch Barr, Richard Salinger, John Matos, Bradley Thompson, Richard Miller and Elliot Gunn. Plaintiffs claim Defendants acted in violation of Navmar's employee handbook, and Plaintiffs were wrongfully terminated for pretextual reasons in violation of anti-discrimination and retaliation laws. Plaintiffs claim they were offered employment with "written assurances" for compensation of $25.00 per hour for one year, a salary of $165,000.00, health coverage, a safe workplace free from discrimination, equal protection under the law, and substantive and procedural fairness.

Plaintiffs assert the following claims against all of the Defendants: (1) negligent supervision, including negligent hiring, negligent training, and negligent retention; (2) breach of contract; and (3) wrongful termination. Among their several requests for relief, Plaintiffs seek $100,000,000.00 in compensatory and punitive damages. Defendants filed separate motions to dismiss the Amended Complaints. Defendants Barr, McWatt, Salinger, Kelley, Matos, Thompson, and Miller filed separate motions to dismiss for insufficient process, insufficient service of process and/or lack of personal jurisdiction. Defendants Navmar and Fenerty filed a motion to dismiss for failure to state a claim upon which relief may be granted.[3]

## DISCUSSION

---

[3] Defendant Elliott Gunn has not filed a response to the Amended Complaints and no attorney has entered an appearance on his behalf. Plaintiffs submitted a "Return of Service," which appears to be from a Deputy Sheriff in Prince William County, in Virginia. The document indicates Gunn was served. It states, "Elliot Gun has been employed at that location—spoke w/ Alexander Kit—CFO." ECF No. 27 at 14. The form appears to have been notarized on November 13, 2012. However, it does not indicate which Navmar location the affidavit is referencing or how service was effectuated. Therefore, it is unclear whether Gunn actually received the Amended Complaints.

The party asserting validity of service bears the burden of demonstrating service was made in conformity with the Federal Rules of Civil Procedure. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Rule 12(b)(5) allows a party to assert insufficient service of process as a defense based on the plaintiff's failure to comply with Rule 4. Rule 4(c)(1) requires plaintiff to serve defendant with a copy of the summons and Complaint. Fed. R. Civ. P. 4(c)(1). Service may be made in any of the following ways: delivery of a copy of the summons and the Complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(2)(A)-(C). Unless service is waived, proof of service must be made to the court. Fed. R. Civ. P. 4(l)(1).

The Rule 4 also permits service of a Complaint in any manner authorized by the law of the state where the district court is located or service is made. Fed. R. Civ. P. 4(e)(1). Under Pennsylvania law, original process must be served by handing a copy the summons and Complaint to the defendant, to an adult member of the family with whom defendant resides or who is in charge of the residence, to the clerk or manager of the hotel, inn, apartment house, boarding house or other place of lodging at which defendant resides, or to an agent or person for the time being in charge thereof at any office or usual place of defendant's business. Pa. R. Civ. P. 402(a)(1), (2).[4]

---

[4] The rules regarding service in Arizona, the state where most of the Defendants were served, are substantially similar to the Federal Rules. Arizona requires service within the state to be made by delivering a copy of the summons and pleading to the individual personally, by leaving copies at the individual's dwelling or usual place of abode with a person of suitable age and discretion residing therein, or by delivering a copy of the summons and of the pleading to an agent authorized by appointment or by law to receive process. Ariz. R. Civ. P. 4.1(d).

3

Defendants Salinger, Kelley, Thompson, and Miller assert insufficient service of process pursuant to Rule 12(b)(5). They claim they received court documents from a Navmar employee who believed service was intended for each of them. Salinger argues he was not employed by Navmar at the time of service; therefore, the Navmar location was not his normal place of business under Pennsylvania law. Kelley and Miller received documents sent to a Navmar office building at which they have never worked. Thompson is a Navmar employee, but claims he does not have an ownership interest in Navmar, and therefore has no proprietary interest in the company. *See Johnson-Lloyd v. Vocational Rehab. Office*, 813 F. Supp. 1120, 1125 (E.D. Pa. 1993) ("Service at the defendant's 'office or usual place of business,' however, pertains only to service at a place of business in which the defendant holds a proprietary interest, not at a place where he or she is merely an employee."). This Court agrees that under Federal and Pennsylvania Rules Civil Procedure, Plaintiffs failed to effectuate proper service on Salinger, Kelley, Thompson, and Miller. The Court will grant these Defendants' motions to dismiss for insufficient service of process.

Under Federal Rule of Civil Procedure 12(b)(4), a defendant may raise an insufficient process defense, which challenges the adequacy of the contents of the documents served. *See Salaam v. Merlin*, No. 08-1248, 2009 WL 2230925, at *2 (D.N.J. July 22, 2009) (citation omitted). Federal Rule of Civil Procedure 4(a)(1) provides:

> The summons must: (A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal.

Fed. R. Civ. P. 4(a)(1).

Defendants Barr, McWatt, Salinger, Kelley, Matos, Thompson, and Miller move to dismiss based on Rule 12(b)(4). Defendants argue they were served with a "mélange of documents," including a partial copy of the complaint filed in state court and a civil cover sheet, with no summons, no signature of the court, and no court seal. Based on the documents Plaintiffs submitted to the Court purporting to be process, Plaintiffs did not meet their burden of providing sufficient process and the Court will dismiss the Amended Complaints against these Defendants on grounds of insufficient process under Rule 12(b)(4).

A defendant may challenge personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). A plaintiff provides sufficient facts to demonstrate personal jurisdiction by "'establishing with reasonable particularity sufficient contacts between the defendant and the forum state.'" *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

"Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor*, 496 F.3d at 316. The Pennsylvania long-arm statute authorizes a court to exercise personal jurisdiction "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). To determine whether the exercise of personal jurisdiction comports with due process, the Court must determine whether a defendant "has 'certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316-17 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Defendants Barr, McWatt, Salinger, Matos, and Thompson also contest personal jurisdiction. They claim they are not residents of Pennsylvania and the events alleged in the Amended Complaints did not occur in Pennsylvania. Plaintiffs argue Defendants filed a Notice of Removal, thereby conceding the Court has jurisdiction. They also claim Defendants' counsel, Attorney John Sheehan, failed to disclose any of Defendants' addresses, which placed a financial burden on Plaintiffs to locate and serve each Defendant.

The Court finds it lacks personal jurisdiction over the Defendants who raise this defense.[5] Plaintiffs bear the burden of establishing personal jurisdiction, and they have failed to do so. Defendants assert they are not residents of Pennsylvania and Plaintiffs do not present any facts suggesting otherwise. Moreover, none of the activities alleged in the Amended Complaints occurred in Pennsylvania. While Pennsylvania's long-arm statute authorizes personal jurisdiction to the fullest extent under the United States Constitution, Plaintiffs have failed to establish a basis for personal jurisdiction by providing the Court with any information as to Defendants' contacts with Pennsylvania. It does not appear the individual Defendants seeking dismissal on this basis were served prior to the removal of this case; therefore, they did not waive this defense. The Court will grant the motions to dismiss based on lack of personal jurisdiction.[6]

Defendants Navmar and Fenerty move to dismiss the Amended Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

[5] Defendants Navmar, Fenerty, Kelley, and Miller do not challenge personal jurisdiction.

[6] Plaintiffs also failed to properly serve some of these Defendants; thus, the Court may not exercise power over them for this reason as well. *See Murphy Bros. v. Michetti Pipe Stringing Inc.*, 526 U.S. 344, 350 (1999).

570 (2007)). A plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotation marks and citation omitted). In evaluating a Rule 12(b)(6) motion, the court must first determine the factual and legal elements of the claim and "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Id.* The court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 679). A complaint must do more than allege the plaintiff's entitlement to relief; rather, it has to "show" such an entitlement with facts. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly,* 550 U.S. at 556 n.3).

First, Defendants Navmar and Fenerty move to dismiss any federal claims asserted in the Amended Complaints.[7] Plaintiffs conceded during oral argument they are not asserting any federal law claims, despite the allegations of employment discrimination and retaliation in their Amended Complaints. Therefore, the Court will grant Defendants' motion as to any possible federal claims.

As Plaintiffs are only asserting state law claims, the Court must determine what state's law should apply. A federal court sitting in diversity applies the choice-of-law rules of the forum state. *Pac. Emp'r Ins. Co. v. Global Reinsurance Corp. of Am.*, 693 F.3d 417, 432 (3d Cir. 2012) (citation omitted). Pennsylvania applies the flexible "interests/contacts" methodology to address choice-of-law questions. *Id.* (*citing Hammersmith v. TIG Ins. Co.,* 480 F.3d 220, 226-27 (3d Cir. 2007)). In the instant case, the Court finds either the law of Pennsylvania, the forum, or Arizona, the state where the events took place, may apply. The Court must next determine whether there

---

[7] Defendants Navmar and Fenerty treated the three Amended Complaints as one.

are actual and relevant differences in substance of the states' laws. *Id.* The Third Circuit Court of Appeals has described the analysis the district court must undertake as follows:

> If [the] two jurisdictions' laws are the same, then there is no *conflict* at all, and a choice of law analysis is unnecessary. If there are actual, relevant differences between the laws, then we examine the governmental policies underlying each law, and classify the conflict as a true, false, or an unprovided-for situation. A deeper choice of law analysis is necessary only if *both* jurisdictions' interests would be impaired by the application of the other's laws (*i.e.,* there is a true conflict).

*Id.* (internal quotations and citations omitted). A court determine which state has the greater interest in the application of law by using a methodology that combines the *Restatement (Second) of Conflicts of Law* and the governmental interest analysis, assessing each state's contacts. *Id.* at 436. The analysis involves a weighing of the contacts on a "'qualitative scale according to the policies and interests underlying the particular issue.'" *Id.* at 437 (quoting *Hammersmith*, 480 F.3d at 231).

Defendants argue the Court should apply Arizona law. Plaintiffs do not advocate for application of either state law, or assert a conflict between the two. A comparison between Pennsylvania and Arizona law regarding breach of contract and wrongful termination does not reveal a conflict.[8] Therefore, the Court will address those counts first and apply Pennsylvania

---

[8] Pennsylvania and Arizona are both at-will employment states. Under Arizona law, a plaintiff has the burden to demonstrate the existence of a contract, a breach, and damages, similar to Pennsylvania law. *See Chartone, Inc. v. Bernini*, 83 P.3d 1103, 1111 (Ariz. App. 2004); *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010).

One difference between the two states' laws is Arizona has a one-year statute of limitations on a former employee's breach of contract claim against the employer, while Pennsylvania has a four-year statute of limitations. Ariz. Rev. Stat. Ann. § 12-541; 42 Pa. Cons. Stat. Ann. § 5525(a)(7). In observing Pennsylvania choice of law rules, the Court will apply the one-year statute of limitation. *See* 42 Pa. Cons. Stat. Ann. § 5521(b) ("The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of the Commonwealth, whichever first bars the claim."). The Court does not need to address the statute of limitations, because the claims are subject to dismissal on other grounds.

law. *See Specialty Surfaces Int'l, Inc. v. Con'l Cas. Co.,* 609 F.3d 223, 230 (3d Cir. 2010) (holding Pennsylvania law applies absent a "true conflict").

The elements of a breach of contract claim under Pennsylvania law are (1) the existence of a contract; (2) a breach of contract; and (3) damages arising from the breach. *McShea v. City of Phila.*, 995 A.2d 334, 340 (Pa. 2010) (citation omitted). Defendants assert Plaintiffs did not adequately allege the existence of an employment contract with Navmar, thus the claim must be dismissed. Defendants argue Plaintiffs only refer to offer letters which on their face are devoid of any contractual promises. Plaintiffs submitted their offer letters from Navmar as attachments to their Amended Complaints. ECF No. 16 at 14; No. 17 at 19; No. 18 at 14. These offer letters reflect that their future placement with Navmar required the successful completion of a training program, acceptance of an overseas assignment for a minimum of one year, passing a physical to certain specifications, obtaining a United States passport prior to deployment, and obtaining and maintaining security clearance. The offer letters further provide that if Plaintiffs failed to fulfill the terms of employment they would be dismissed.

Based on the pleadings, Plaintiffs did not allege sufficient facts to raise a reasonable expectation that discovery will reveal evidence of a breach of contract claim. First, the Court does not construe the offer letters as employment contracts in a sense that Plaintiffs contend Navmar breached the contract by discharging them from the program. The offer letters were invitations to participate in a training program, which may have led to future placement. Plaintiffs allege Navmar breached the employment contracts; however, Plaintiffs failed to complete the training program, which is one of the conditions of employment. Plaintiffs did not assert any specific allegations as to why they were discharged from the training program. They did not allege Navmar committed any wrongdoing that resulted in their discharge. Plaintiffs

only provided general allegations of racism and comments made by other employees regarding Plaintiffs' work performance in the training program. Based on these assertions and general allegations, Plaintiffs do not assert a plausible claim for breach of contract or demonstrate an entitlement to relief. *See Ashcroft,* 556 U.S. at 678. Therefore, the Court will dismiss Plaintiffs' breach of contract claim.[9]

Defendants also argue Plaintiffs fail to state a claim for wrongful discharge. As Pennsylvania is an at-will employment state, an employer may discharge an employee for any or no reason absent a contractual or statutory prohibition. *See Weaver v. Harpster*, 975 A.2d 555, 562 (Pa. 2009). "An essential element in permitting a cause of action for wrongful discharge is a finding of a violation of a clearly defined mandate of public policy which 'strikes at the heart of citizen's social right, duties, and responsibilities.'" *Field v. Phila. Elec. Co.*, 565 A.2d 1170, 1179 (Pa. Super. Ct. 1989) (citation omitted).

As set forth above, Plaintiffs did not sufficiently allege the existence of an employment contract. Plaintiffs claim they were terminated in violation of anti-discrimination and retaliation laws; however, they fail to cite to any such laws or allege facts suggesting discrimination or retaliation in a specific instance.[10] The Court, therefore, will grant Defendants' motion to dismiss Plaintiffs' wrongful discharge claim.

---

[9] Plaintiffs also submitted a "Complaint for Damages and Injunctive Relief" with an attached "Settlement Demand." ECF No. 37. They claim their employee agreements with Navmar prevent them from obtaining employment with other potential future employers. Plaintiffs again reference an "employment contract," even citing specific paragraphs, yet failed to attach the alleged document that contained such a prohibitive clause. Plaintiffs had several opportunities to provide this Court with the appropriate pleadings to support their allegations of the existence of an employment contract and failed to do so. Therefore, the Court will deny Plaintiffs' Complaint for Injunctive Relief.

[10] Furthermore, in the Amended Complaints, Plaintiffs allege they were laid off, rather than terminated.

Finally, the Court considers Plaintiffs' negligent supervision claim, which Plaintiffs allege also encompasses negligent hiring, negligent training, and negligent retention. The Court finds, after comparing Pennsylvania and Arizona law, there is a true conflict between the two. *Pacific Emp'r Ins. Co.*, 693 F.3d at 432. Defendants argue Plaintiffs' negligence claims are barred by the exclusive remedy provision of Arizona's Workers' Compensation Act. The Act provides "[t]he right to recover compensation pursuant to this chapter for injuries sustained by an employee . . . is the *exclusive remedy* against the employer or any co-employee acting in the scope of his employment[.]" Ariz. Rev. Stat. Ann. § 23–1022(A) (emphasis added). "Arizona law precludes an employee from bringing a tort action based on negligent hiring and negligent retention against their employer . . . ." *Mosakowski v. PSS World Med., Inc.*, 329 F. Supp. 2d 1112, 1131 (D. Ariz. 2003). The only exception to this provision is when an employee is injured as a result of "willful misconduct," which is defined as an act done knowingly and purposely with the direct object of injuring another. Ariz. Stat. Rev. Ann. § 23-1022(A), (B).

Pennsylvania, however, does not appear to have any similar bar to relief. Under Pennsylvania law, an employer may be held liable under negligence principals for negligent supervision. *Heller v. Patwil Homes, Inc.*, 713 A.2d 105, 107 (Pa. Super. Ct. 1998) (citing *Welsh Mfg., Div. of Textron v. Pinkerton's*, 474 A.2d 436, 439 (R.I. 1984)). "An employer is liable for negligent supervision when he does not exercise 'due and reasonable care,' just as an individual is liable for negligence under the same standard." *Singleton v. Medearis*, No. 09-cv-1423, 2009 WL 3497773, at *6 (E.D. Pa. Oct. 28, 2009). A plaintiff must establish four elements of a negligence claim under Pennsylvania law: (1) a duty or obligation recognized by the law requiring the actor to conform to a certain standard of conduct; (2) breach of the standard; (3) a

causal connection between the conduct and the resulting injury; and (4) actual loss or damages. *Id.* at *5.

As there is an actual conflict, particularly in the remedies available to Plaintiffs, the Court must examine the governmental policies underlying each law. *Pacific Emp'r Inc. Co.*, 693 F.3d at 436 (citation omitted). The Court finds both states would have an interest in applying their laws to the present suit; however, Arizona's governmental interest in the application of its workers' compensation scheme is stronger than Pennsylvania's interest. *See Diaz v. Magma Copper Co.*, 950 P.2d 1165, 1171 (Ariz. Ct. App. 1997) (holding "the exclusivity provisions of the Act are essential to further the state's compelling interest in the preservation and integrity of its workers' compensation system."). All of the alleged events in this lawsuit, particularly the hiring, training, supervision, and retention of employees, occurred in Arizona. Arizona has a significant interest in applying its laws to those employed within the state. Navmar, while it has its principal place of business in Pennsylvania, provides a training program in Arizona. Plaintiffs are not residents of Pennsylvania, even though they chose this forum to pursue their claims. Plaintiffs decided to participate in the training program in Arizona. Most of the Defendants reside in Arizona. Based on these facts, the Court will apply Arizona law to Plaintiffs' negligence claims.

In the instant case, the Court finds the Arizona's Workers' Compensation Act is Plaintiffs' exclusive remedy for claims against Navmar and the individual Defendants. Thus, because Plaintiffs allege Defendants were negligent, their claims are barred by the Act. *See St. George v. Home Depot U.S.A., Inc.*, No. 04-1210, 2006 WL 3147661, at *5 (D. Ariz. 2006) ("Plaintiffs' claims of negligent hiring, supervising and retaining . . . are barred by Arizona's workers' compensation scheme."). As Plaintiffs only allege negligence, there is also no basis for

finding willful misconduct under the statutory exception.  *See also id.* (citing *Masakowski*, 329 F. Supp. 2d at 1131 ("[A] negligence claim is precluded by the workers' compensation statute while a claim for intentional infliction of emotional distress is not precluded.")).  Therefore, the Court will grant Defendants' motion to dismiss Plaintiffs' negligent supervision and encompassed claims.

The Court's rulings as to Plaintiffs' claims for breach of contract, wrongful discharge and negligent supervision apply equally to all of the individual Defendants.  *See* Ariz. Rev. Stat. Ann. § 23-1022(A); *see also "A," a minor v. Gloucester Twp., et al.*, No. 10-4062, 2011 WL 2973644, at *4 (D.N.J. July 21, 2011) (dismissing the defendants who did not join in the motion to dismiss as law of the case applied equally to the other defendants); *Romanelli v. DeWeese*, No. 3:10-cv-1434, 2011 WL 2149857, at *8 (M.D. Pa. June 1, 2011) ("[T]he complaint will be dismissed on this ground against all defendants, because the complaint necessarily fails to state a claim against even the nonmoving defendants."); *Washington Petroleum Co. v. Girard Bank*, 629 F. Supp. 1224, (M.D. Pa. 1983) (dismissing claims *sua sponte* against a defendant who did not join in another defendant's motion to dismiss).  Thus, the Court will dismiss all of the Defendants from the present suit.  The Court will also dismiss the Amended Complaints with prejudice, as this Court has already allowed Plaintiffs leave to amend on a previous occasion and they again failed to allege sufficient causes of action.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez, J.